UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN W. BYERLY, | ) | Case No. 1: 19 CV 912 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| JAMES L. DeWEESE, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

Plaintiff's *pro se* complaint arises from a 2002 conviction for aggravated murder in an Ohio state court. As best this court can discern, Plaintiff claims that the Defendants – James DeWeese, the judge who presided over the case in the Richland County Court of Common Pleas; Bambi Couch-Page, who prosecuted the case; Terry Hitchman, his appointed counsel in the matter; and Robert Whitney, whose connection to this suit is unclear – conspired together to violate his civil rights under 42 U.S.C. § 1983 by permitting his conviction without a valid indictment. (Doc. 1 at 4.) He seeks $10 million in compensatory and punitive damages. (*Id*. at 3.) Plaintiff also has moved to proceed *in forma pauperis* (Doc. 2); that motion is granted. For the following reasons, Plaintiff's complaint is dismissed.

**STANDARD OF REVIEW**

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, district courts are required to screen all *in forma pauperis* actions and

dismiss before service any action the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under §1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

## DISCUSSION

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *see also Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Here, Plaintiff has failed to meet this burden, and his complaint must be dismissed for three reasons.

### A. Each Defendant is Subject to Dismissal

First, none of the Defendants is individually liable. Two of them, former Richland County Common Pleas Court Judge James DeWeese and former Richland County Prosecutor Bambi Couch-Page, are immune from this action. Judicial officers generally are absolutely

immune from civil suits for money damages relating to actions taken in their judicial capacity. *E.g., Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done maliciously, or was in excess of his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Neither exception to judicial immunity applies here, and Defendant DeWeese is immune from Plaintiff's claims against him.

Similarly, prosecutors are entitled to absolute immunity from damages for initiating a prosecution and presenting the state's case. *E.g., Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best professional judgment both in deciding which suits to bring and in prosecuting them in court. *Imbler*, 424 U.S. at 424. This duty could not properly be performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id*. at 424-25. These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Id*. at 425. Defendant Couch-Page, therefore, also is immune from this suit.

Plaintiff's sole allegation against Defendant Hitchman, his appointed counsel in the 2002 case, is that he failed to object to the allegedly defective indictment. Generally, however, to be considered to have acted "under color of state law" for purposes of § 1983, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual also may be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974). Plaintiff's only specific allegation against Hitchman –that he failed to object to the indictment – does not support his assertion that Hitchman conspired with DeWeese or Couch-Page to convict him under an invalid indictment or otherwise reasonably suggest that he acted "under color of state law." Hitchman, too, is dismissed.

And Defendant Whitney must be dismissed because Plaintiff does not assert any allegations against him whatsoever. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995).

**B.    Plaintiff's Complaint Fails to State a Plausible Constitutional Claim under § 1983**

The complaint also must be dismissed because it fails to allege any plausible constitutional claim upon which Plaintiff may be granted relief under § 1983. First, a plaintiff

cannot bring a § 1983 action if a ruling on his claims would necessarily imply the invalidity of his conviction, unless his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphry*, 512 U.S. 477, 486-87 (1994). "This ensures that habeas corpus remains the exclusive remedy for criminal defendants who have not obtained a favorable termination in their criminal proceedings and does not allow duplicative, collateral attack of convictions or sentences through § 1983 actions." *S.E. v. Grant Cty. Bd. of Educ.*, 544 F.3d 633, 637 (6th Cir. 2008). Plaintiff does not allege that his 2002 case has been overturned or called into question through other processes. Therefore, to the extent that Plaintiff alleges that the Richland County Court of Common Please should have set aside the 2002 conviction because of an allegedly invalid indictment, his § 1983 claims are barred by *Heck*.

Second, it is well settled that there is no federal constitutional right to an indictment in state criminal proceedings. *See, e.g., Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984) (citing *Brazenberg v. Hayes*, 408 U.S. 665 (1972)). Indeed, "the Constitutional does not require any particular state indictment rule. In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner." *Id*. Plaintiff does not allege that he did not receive notice of, or did not understand the basis for, the charges against him in his 2002 criminal case. His assertions regarding the allegedly defective indictment, therefore, do not state plausible constitutional claims under § 1983.

### C. Plaintiff's Claims are Time-Barred

Finally, Plaintiff's complaint must be dismissed because it is clear on its face that the statute of limitations on Plaintiff's claims expired long before he filed this action. There is a

5

two-year statute of limitations on claims raised under § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 275-276 (1985) (holding that federal courts must apply the state statute of limitations for personal injury actions to § 1983 claims); *Browning v. Pendleton*, 869 F.2d 989, 991 (6th Cir. 1989) (Ohio's two-year statute of limitations for personal injury claims applies to § 1983 actions).

Plaintiff alleges the constitutional violations at issue here occurred in 2002. Yet he did not file this complaint until April 23, 2019, several years after the two-year limitations period expired on his claims. Plaintiff's claims, therefore, are time-barred, and the complaint must be dismissed for that reason as well. *See Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming sua sponte dismissal of pro se §1983 action filed after two-year statute of limitations for bringing such an action had expired).

### CONCLUSION

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B) as time-barred and for failure to state a claim upon which relief may be granted. This court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *Solomon Oliver, Jr.*
SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 13, 2019